Frances FRISBY *v.*
**STRONG SCHOOL DISTRICT**

83-254                                          666 SW.2d 391

Supreme Court of Arkansas
Opinion Delivered March 26, 1984

*Cearley, Mitchell & Roachell,* by: *Richard W. Roachell* and *Marcia Barnes,* for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.,* by: *William I. Prewett,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellee, Strong

School District, was two days late in giving appellant, Frisby, a teacher for the District, notice of nonrenewal of her teaching contract for the 1982-83 school year pursuant to Ark. Stat. Ann. § 80-1304 (Repl. 1980). On July 23, 1982, appellant filed suit for a Writ of Mandamus to compel members of appellee school board to issue a teaching contract to her for the 1982-83 school year. On June 10, 1983, the trial court dismissed the case, finding that the 1982-83 school year was complete and, therefore, the request for mandamus was moot. The sole issue on appeal is whether the trial court erred in holding the request for mandamus was moot. We affirm.

A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. It is the duty of the courts to decide actual controversies which can be carried into effect. *Burgess, Judge* v. *Four States Mem. Hosp.*, 250 Ark. 485, 465 S.W. 2d 693 (1971); *Kirk* v. *North Little Rock Sp. Sch. Dist.*, 174 Ark. 943, 298 S.W. 212 (1927). Since the 1982-1983 school year was over by the time of trial, appellant's request for a Writ of Mandamus to compel the school board to hire her for the 1982-1983 school year was indeed a moot issue. Ark. Stat. Ann. § 33-106 (Repl. 1979) states that a date for a hearing on a writ of mandamus must be fixed "no longer than seven (7) days" after "the written application of the petitioner." Appellant, however, failed to request that a hearing be set within the statutory time period and thereby failed to preserve her issue from being rendered moot.

Appellant also argues that she had a continuing contract and that the untimely notice of nonrenewal for the 1982-1983 school year was not sufficient to operate as a notice of nonrenewal for the 1983-1984 school year and therefore she was entitled to mandamus on June 10, 1983, for the 1983-1984 school year. This argument is without merit. The untimely notice of nonrenewal given for the 1982-1983 school year was, nevertheless, sufficient notice of non-renewal for the 1983-1984 school year. *Marion Co. Rur. Sch. Dist. I* v. *Rastle*, 265 Ark. 33, 576 S.W.2d 502 (1979).

Affirmed.

PURTLE and HOLLINGSWORTH, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I cannot agree with the majority opinion because it places the teacher in a "catch 22" position. She had a right to ask for a writ of mandamus because she was entitled to have her contract renewed. Although the petition for a writ of mandamus was filed on July 23, 1982, it was not ruled upon until June, 1983. The whole contract year started and ended while her petition was pending in the court. It is unconscionable to refuse to allow this teacher to recover on the grounds that her petition is moot. It is moot only because the court did not act upon it during the school year.

Arkansas Stat. Ann. § 33-104 (Repl. 1962) states: "Petitions for such writs shall have precedence over all other actions and proceedings and shall be heard and determined summarily." Arkansas Stat. Ann. § 33-106 requires that the hearing on a petition for writ of mandamus be held within seven days. Furthermore, we stated in *Rastle* v. *Marion Co. Rural Sch. Dist.*, 260 Ark. 740, 543 S.W.2d 923 (1976), wherein a school teacher had filed an action in chancery court for mandamus or alternatively for damages, "We think it clear that the two actions are so procedurally incompatible as to prevent their joinder." The facts in *Rastle* are exactly the same as in the present case. The appellant had no right to join mandamus with any other action.

The court in the present case, due to technical rules of procedure, has denied the appellant the funds to which she was so clearly entitled. Article 2, Section 13, Constitution of Arkansas (1874) states:

> Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase, completely, and without denial, promptly and without delay, conformably to the laws.

The appellant has been wronged, and with plenty of delay, she has been denied a remedy, all in violtion of our constitution.

I would reverse.

HOLLINGSWORTH, J. joins in this dissent.