ARKANSAS INTERCOLLEGIATE CONFERENCE and
Harry Hall, Commissioner *v.* Gary P. PARNHAM, Jr.

91-323                                      828 S.W.2d 828

Supreme Court of Arkansas
Opinion delivered April 20, 1992
[Rehearing denied May 26, 1992.]

*Dover & Dixon, P.A.*, by: *M. Darren O'Quinn*, for appellant.

*Travis Mathis*, for appellee.

ROBERT H. DUDLEY, Justice. We affirm the dismissal of this case. Gary Parnham, the plaintiff below, transferred from Louisiana Tech University to Henderson State University in the fall semester of 1989. The terms of school at Louisiana Tech are quarter terms, consisting of a fall term, a winter term, and a spring term, each consisting of three (3) months. The terms at Henderson State are semester terms and consist of a fall semester and a spring semester, each consisting of four and one-half (4 ½) months. The three quarter terms at Louisiana Tech cover the

same period of time, nine months, as the fall and spring semesters at Henderson State. The plaintiff wanted to play for the Henderson State baseball club in the spring term of 1989, but Harry Hall, the Commissioner of the Arkansas Intercollegiate Athletic Conference, declared that plaintiff was ineligible under the By-Laws and Regulations of the AIC since he had not successfully completed twenty-four (24) credit hours for the two (2) terms prior to his transfer and twelve (12) credit hours in the last term prior to his transfer. In his letter declaring plaintiff ineligible, Commissioner Hall wrote that plaintiff, while at Louisiana Tech, earned ten (10) credit hours in the 1988 fall term, five (5) credit hours in the 1989 winter term, and nine (9) credit hours in the 1989 spring term, but that "when the semester hours earned for the last two terms of attendance by student-athlete Parnham are converted by Louisiana Tech University back to quarter term hours of credit, student-athlete Parnham would still fail to meet the AIC requirement of having earned 24 credit hours for the last two terms of attendance."

On March 16, 1990, plaintiff filed suit against Commissioner Hall and the AIC, and sought an order restraining Hall and the AIC from disqualifying him from participating in the baseball program. The complaint alleged that "the ruling of the Respondent [Hall] declaring the petitioner to be ineligible is arbitrary, capricious and not in keeping with either the spirit or letter of the Rules and Regulations promulgated by the Respondents." The complaint did not question the authority of the AIC to make rules for its member schools, nor did it question the authority of Commissioner Hall to interpret those rules. It questioned only this one ruling. On March 21, 1990, Commissioner Hall and the AIC responded by pleading "the affirmative defenses of lack of jurisdiction over the person, insufficiency of process, insufficiency of service of process" and "failure to state facts upon which relief can be granted," and denied that Commissioner Hall's interpretation was arbitrary.

A temporary hearing was held on March 21, 1990, and at that hearing the Chancellor asked if there was any objection to proceeding because of the lack of service of process. The attorney for Commissioner Hall and the AIC admitted that Hall had been served, but stated that service had not been perfected on the AIC. *See* A.R.C.P. Rule 23.2. The Chancellor commented:

I think I can enter an order that would bind him [Hall] on the basis of him being served, but I am dubious that I can enter an order that would bind the Arkansas Intercollegiate Conference if it has not been appropriately served. But we'll take that up in due course. I think we can proceed today on the basis that this is a temporary proceeding only.

The plaintiff put on his case for a temporary order and, at the conclusion of the testimony, the court found, in part:

[I]n other places in the rules, the rules seem to contemplate that schools will have different calendars, and they talk about the idea that someone should be expected to go through school in eight semesters, or in twelve quarters, which seems to indicate that they realize that a quarter and a semester are not exactly the same. And I simply cannot accept that it's anything other than arbitrary and capricious to expect one person to go to a semester school and in the course of a year to complete twenty-four hours successfully, and to let someone else go to a school that operates on quarters and tell that person that in the course of the same nine months, I guess you've got to complete thirty-six hours, and you've at least got to complete twenty-four in the last two trimesters. . . .

The Chancellor, in announcing her ruling from the bench stated, "[I]t will be temporary only. Let's set it down for a hearing on the merits and you will have to deal with the problem of service in this particular case on anyone other than Hall." The temporary restraining order, entered on March 23, 1990, provided that service was not had upon the AIC, and it only restrained Commissioner Hall "from ruling that the Petitioner is ineligible." Later that same day, the 23rd, Commissioner Hall filed a motion for "reconsideration and amendment of temporary injunction or, in the alternative, stay of temporary injunction pending appeal." Even though the AIC was not a party to the injunction, it joined in the motion. On March 29, 1990, the trial court denied the motion for reconsideration and for a stay pending appeal, and set the case for trial on May 16, 1990. Commissioner Hall did not appeal from the interlocutory order by which the injunction was granted. *See* A.R.C.P. Rule 2(a)(5). The plaintiff played on the team for the remainder of the spring semester, and the matter has been moot

since that time.

On May 1, 1990, a little over a month after the injunction had been issued, Commissioner Hall and the AIC filed a pleading styled "Respondents' Amended Response and Counterclaim for Declaratory Judgment." The pleading, in the material part, provides:

> Respondents request a declaratory judgment in this matter as to whether Respondents have the authority to adopt rules and regulations and enforce such rules and regulation as written or interpreted by the AIC commissioner or its members. Further, Respondents request a declaratory judgment as to whether Petitioner has stated facts upon which relief can be granted pursuant to Ark. R. Civ. P. 12(b)(6). Finally, respondents request that a declaratory judgment be issued as to whether a temporary injunction was appropriate in this case. Respondents respectfully request all relief requested in its previous pleadings. . . .

Thus, the AIC attempted to preserve its defense of lack of service of process, *see* A.R.C.P. Rule 12 (h)(1), but, by filing a permissive counterclaim, entered its appearance. *Arkansas Game & Fish Comm'n v. Lindsey*, 292 Ark. 314, 730 S.W.2d 474 (1987). However, this entry of appearance was made only after the injunction already had been issued. We make no holding on whether a motion for dismissal or motion questioning the granting of the temporary restraining order is properly a matter for declaratory judgment, but *see* Ark. Code Ann. § 16-11-104 (1987).

On May 9, 1990, the plaintiff moved to dismiss his case and the counterclaim. On September 5, 1990, the Chancellor granted the order of dismissal and, in it, noted that respondent Hall appeared in person and by attorney. The order makes no mention of an appearance by the AIC.

The AIC seeks to appeal from the order of dismissal but, in its brief, no mention is made of an appeal by Commissioner Hall. Of course, the style of the case from the trial court contains both names, but the relief asked for in the concluding paragraph is:

> In view of the foregoing, the AIC respectfully re-

quests that the court issue a ruling that the chancery court exceeded its discretion in issuing a temporary restraining order. Alternatively, the AIC requests a remand of this case for a trial on the AIC's counterclaim for declaratory relief.

The court of appeals certified the case to this court. In its points of appeal, the AIC contends that the Chancellor erred "when it granted Parnham a temporary restraining order against the AIC" and "when it dismissed the AIC's counterclaim for declaratory relief." The obvious reason for refusing to hold that the trial court erred "when it granted Parnham a temporary restraining order against the AIC" is that the Chancellor never entered such an order. Each of the orders was carefully drawn to apply against only Commissioner Hall. Next, the AIC asked for a declaratory judgment that it had "the authority to adopt rules and regulations and enforce such rules and regulations as written or interpreted by the AIC Commissioner or its members." There simply was no justiciable controversy over the AIC's authority to adopt rules and regulations, or its ability to enforce its rules and regulations, or the Commissioner's authority to interpret the rules. No one questioned that authority. The single issue was whether the Commissioner arbitrarily and capriciously interpreted one of the validly adopted rules that the AIC has the authority to enforce. Thus, the trial court correctly refused to grant the relief asked because there was no justiciable controversy about that issue. *Andres* v. *First Ark. Dev. Corp.*, 230 Ark. 594, 324 S.W.2d 97 (1959). In addition, the only possible issue, Commissioner Hall's ruling, is moot. A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Frisby* v. *Strong School Dist.*, 282 Ark. 81, 666 S.W.2d 391 (1984). There are exceptions to the doctrine of mootness, *see Duhon* v. *Gravett*, 302 Ark. 358, 790 S.W.2d 155 (1990) and *Nathaniel* v. *Forrest City School Dist. No. 7*, 300 Ark. 513, 780 S.W.2d 539 (1989), but none of those exceptions requires us to decide this case.

Affirmed.