Donald Barry PENNINGTON *v.* Betty Bryant PENNINGTON

93-595                                           868 S.W.2d 460

Supreme Court of Arkansas
Opinion delivered January 10, 1994

*The Perroni Law Firm*, by: *Rita S. Looney* and *Samuel A. Perroni*, for appellant.

*Wilson, Engstrom, Corum, Dudley & Coulter*, by: *Stephen Engstrom*, for appellee Harvest Foods.

*Kaplan, Brewer & Maxey*, by: *Philip E. Kaplan*, for appellee Betty Pennington.

TOM GLAZE, Justice. This case, a chancery court appeal, was

precipitated by an earlier circuit court case filed by Harvest Foods, Inc. against Don Pennington. In that case, Harvest Foods alleged that Pennington, Harvest Foods' CEO, and others collusively schemed to increase the price of Harvest Foods' products and that they wrongfully diverted part of those increased prices into an account held in the name of Capitol City Marketing, a company controlled by Pennington.

During discovery in the circuit court litigation, Harvest Foods deposed Pennington's former wife, Betty, who refused to respond or release any document which would divulge information covered by a protective order which had previously been entered in the Penningtons' divorce action. Harvest Foods filed a motion to compel Betty to produce all financial information it had requested in deposition, and the circuit judge granted Harvest Foods' motion. The judge, however, held his order compelling production in abeyance until Harvest Foods first asked the chancery court to release this same information under its earlier protective order. Accordingly, Harvest Foods intervened in the Penningtons' divorce action and requested the chancellor to rescind his protective order, which the judge did over Don's objection.

Don subsequently brought this appeal from the chancery judge's order, rescinding the protective order entered in the Penningtons' divorce case, and argues the chancellor's ruling violates Don's Fifth Amendment privilege. The parties agree that, while this matter was pending on appeal, no stay of the chancellor's order was requested or granted and that Harvest Foods now has possession of the information it had requested of Betty Pennington.

Harvest Foods first argues that this appeal is moot because the information it sought has been released and because Harvest Foods now has that information, there is nothing left to litigate. We must agree.

This court has held that a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Arkansas Intercollegiate Conference* v. *Parnham*, 309 Ark. 170, 828 S.W.2d 828 (1992). There are exceptions to the doctrine of mootness, *see Campbell* v. *State*, 300 Ark. 570, 781 S.W.2d 14 (1989), but none of those excep-

tions require us to decide this case. *See also Arkansas Intercollegiate Conference*, 309 at 174, 828 S.W.2d at 831.

■ Although Don Pennington argues the court's decision in this appeal could have a legal effect on his case against Harvest Foods now pending in circuit court, we point out that at least part of the argument made by Pennington in this appeal is only applicable to the chancery court matter, and the manner in which it procedurally arose in that court after having been referred by the circuit court judge.[1] In addition, we simply are unable to predict the exact issues that may arise in the parties' pending circuit court litigation or how that court might rule on those matters. Accordingly, we affirm this case on appeal because of mootness.

---

[1]In oral argument, Pennington also suggested that a public interest exists in receiving guidance concerning what a trial court should do in deciding when to enter a protective order and on what basis that order may be rescinded. Again, we see the issue posed as one which is largely peculiar to the facts as they were developed below, and while the issue may be of great interest to Mr. Pennington and of some interest to a few others, we fail to see how the case involves the public interest as this court has required in its prior cases; nor do we view the issue as one involving a significant legal principle.