## Sandra MASTIN *v.* Harold MASTIN

93-1088 871 S.W.2d 585

### Supreme Court of Arkansas
### Opinion delivered March 14, 1994

Central Arkansas Legal Services by: *Griffin J. Stockley* and *Lynn Pence*, for appellant.

No response.

DAVID NEWBERN, Justice. This appeal was brought as the result of an *ex parte* order transferring custody of Sandra Mastin's daughter to Harold Mastin, who is Ms. Mastin's ex-husband and the child's father. Ms. Mastin sought a declaratory judgment that ex parte orders transferring custody violate the custodial parent's due process rights. Ms. Mastin failed to present a justiciable controversy, and the case is moot. We dismiss the appeal.

Harold and Sandra Mastin were divorced in 1986. Custody of the Mastins' daughter was awarded to Ms. Mastin. Mr. Mastin

was awarded the right of visitation and ordered to pay child support. In June of 1993 while the child was in Pulaski County for her summer visit with her father, Ms. Mastin was arrested and incarcerated. On June 16, 1993, Mr. Mastin filed a motion for emergency modification of custody.

The motion alleged that Ms. Mastin was incarcerated and subject to criminal charges pending in four counties. The order requested that custody temporarily be modified until Ms. Mastin was released and able to appear at a hearing addressing a permanent change in custody. On June 29, 1993, the Chancellor entered an *ex parte* order granting Mr. Mastin's request for temporary custody pending a hearing on July 6, 1993.

On June 30, 1993, Ms. Mastin's attorney moved to set aside the *ex parte* order. This motion further sought a declaratory judgment that *ex parte* orders in matters of child custody violate the custodial parent's due process rights by failure to require a hearing within seventy-two hours of the order, and failure to notify the parent of the right to present evidence, cross examine witnesses, and appear with counsel.

The Chancellor moved the hearing up from July 6 to July 2, 1993. Both parties appeared with counsel. Ms. Mastin testified she was no longer incarcerated and was capable of properly caring for her daughter. Mr. Mastin testified the child was in the middle of her six-week summer visitation with him. The Chancellor dissolved the *ex parte* order and restored Ms. Mastin's custody. He ordered that the child stay with Mr. Mastin until a July 23, 1993 hearing on the issue of permanent custody.

On July 23, 1993, a consent order was entered in which Ms. Mastin retained custody of her daughter. The Chancellor filed an additional order on August 3, 1993, denying Ms. Mastin's request for declaratory relief. The order noted that no specific statutory authority exists for *ex parte* orders changing custody but that chancery courts have broad inherent equitable powers as well as a duty to exercise these powers in emergency situations to protect the best interests of a child.

### 1. Mootness

Ms. Mastin concedes the case is moot. She received the

hearing she requested, and custody of her daughter was restored to her. She contends, however, that *ex parte* orders in custody disputes are capable of repetition, yet may evade review, and are a matter of public interest. She requests that we address the issue in her appeal despite the fact it is moot.

■ Mootness may not determine whether we review a case which involves the public interest, or tends to become moot before litigation can run its course, or in which a decision might avert future litigation. *Campbell* v. *State*, 300 Ark. 570, 781 S.W.2d 14 (1989). Most cases become moot due to events which transpire in the course of litigation. *See, e.g., Arkansas Intercollegiate Conference* v. *Parnham*, 309 Ark. 170, 828 S.W.2d 828 (1992). In such cases, the rationale of the *Campbell* case may apply, given the circumstances recited in the *Campbell* case. When, however, mootness is the result of the complaining litigant receiving from the Trial Court the relief requested, we are not inclined to review the matter. *Bynum* v. *Savage*, 312 Ark. 137, 847 S.W.2d 705 (1993).

In the *Bynum* case, Ms. Bynum asked that Arkansas's temporary guardianship law be declared unconstitutional. We noted that not only had she failed to obtain a ruling on her request for a declaratory judgment, she succeeded in having set aside an order of temporary guardianship thus retaining custody of her child.

The only difference between this case and the *Bynum* case is that Ms. Mastin obtained a ruling on her request for a declaratory judgment. That might have been a significant distinction if we were faced with any sort of justiciable controversy.

### 2. Justiciable controversy

Ms. Mastin's motion requested a declaratory judgment that due process requires a hearing within seventy-two hours of an *ex parte* order changing custody. That is precisely what Ms. Mastin received. The *ex parte* order was entered on June 29, 1993, and a hearing was held three days later, on July 2, 1993. At the hearing, Ms. Mastin appeared with counsel, presented evidence, and cross-examined Mr. Mastin's witnesses.

The Chancellor noted he has broad power to enter an order

in emergency situations to protect the best interests of a child. While he did not cite them, emergency is referred to in both the Uniform Child Custody Jurisdiction Act, specifically Ark. Code Ann. §§ 9-13-203(a)(3)(Repl. 1993); and the Parental Kidnapping Prevention Act. *See* 28 U.S.C. §§ 1738(A)(c)(2)(C)(ii). The Chancellor expedited the hearing and held it within seventy-two hours as Ms. Mastin requested.

 While Ark. Code Ann. § 16-111-104 (1987) recognizes a party's right to a declaratory judgment, a justiciable controversy is required. *See Arkansas Intercollegiate Conference* v. *Parnham, supra.* There is no controversy whatever in this case. No brief has been filed in response to the one filed by Ms. Mastin. A review of the issue presented in this appeal would result in a purely advisory opinion, and we are especially disinclined to produce such an opinion in a one-brief case where the matter has not been fully argued or even contested.

Appeal dismissed.

CORBIN, J., not participating.