James E. SMEDLEY *v.* Carolyn Ann SMEDLEY

94-782                                              892 S.W.2d 273

Supreme Court of Arkansas
Opinion delivered February 13, 1995

*William R. Simpson, Jr.*, Public Defender, by: *Judy W. Rudd*, Deputy Public Defender, for appellant.

No Response.

JACK HOLT, JR., Chief Justice. The appellant, James E. Smedley, appeals from a probate judge's finding that he had a mental illness and posed a clear and present danger to himself, which resulted in his being committed involuntarily to an out-of-state mental health receiving facility for a period of forty-five days pursuant to Act 861 of 1989, as codified in Ark. Code Ann. § 20-47-215 (Repl. 1991).

Mr. Smedley acknowledges that his case is moot, as the period of his involuntary hospitalization has past, yet he appeals on the grounds that we should review the trial court's findings because the case involves issues of public interest in that there was insufficient evidence to admit him involuntarily for treatment; that the trial court exceeded its jurisdiction by ordering inpatient treatment outside the boundaries of Pulaski County;

and that such inpatient treatment was not the least restrictive appropriate setting for treatment. Since the case is moot and none of the issues raised on appeal was preserved at the trial level, we dismiss this appeal.

Mootness may not determine whether we review a case which involves the public interest, or which tends to become moot before litigation can run its course, or in which a decision might avoid future litigation. *Campbell* v. *State*, 300 Ark. 570, 781 S.W.2d 14 (1989), *Mastin* v. *Mastin*, 316 Ark. 327, 871 S.W.2d 585 (1994). However, we are especially disinclined to produce such an opinion in a one-brief case where the matter has not been fully argued or even contested. *Id.*

A review of the record reflects that none of the issues raised on appeal was properly presented to the trial court by Mr. Smedley, nor did he make any objections as to the findings or actions of the trial court of which he now complains. He seeks what would be tantamount to a purely advisory opinion in this one-brief case on matters that have not been fully argued or contested. It is contrary to our practice to issue advisory opinions to decide academic issues, and we decline to do so. *See Beatty, et al.* v. *Clinton*, 299 Ark. 547, 772 S.W.2d 619 (1989).

Appeal dismissed.