Robert H. THOMAS *v.* ARKANSAS BOARD of CORRECTION and COMMUNITY PUNISHMENT; Jim Guy Tucker, Governor of Arkansas; and Winston Bryant, Attorney General of Arkansas

95-1139                                   918 S.W.2d 156

Supreme Court of Arkansas
Opinion delivered March 25, 1996

*Robert L. Thomas*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Olan W. Reeves*, Sr. Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, an inmate in the penitentiary, filed this suit against the Board of Correction and Community Punishment, the Governor, and the Attorney General. He sought a declaratory judgment that two 1993 acts, as applied to him, would constitute a violation of the *ex post facto* doctrine. He additionally sought mandamus, class certification, and damages. The trial court ruled on the merits and denied relief. We remand for the trial court to dismiss.

Appellant committed the crime of rape in 1989. He contends that his sentence is governed by the law in effect at the time of the offense, and, under that law, the period to be served in the penitentiary could be shortened with "meritorious good time." *See* Ark. Code Ann. §§ 12-29-201 and -202 (1987). He next contends that the statutes providing for meritorious good time were repealed by Acts 536 and 558 of 1993, codified as Ark. Code Ann. §§ 12-29-201 and -202 (Repl. 1995), and that in August 1993, Larry Norris, Acting Director of the Arkansas Department of Correction, wrote a memorandum which provided that under the provisions of Act 536 of 1993, some good time will be phased out. He concludes that the effect of the 1993 acts will be to lengthen the period of time he must serve in the penitentiary because "meritorious good time" has been eliminated, and, consequently, the 1993 acts are prohibited as *ex post facto* laws. The trial court held that statutes which take away appellant's ability to earn meritorious good time are not *ex post facto* laws.

Appellant offered no proof at trial that he has been denied meritorious good time. He offered a copy of a memorandum by the Acting Director that provides that some "good time" will be phased

out, but, on December 30, 1993, which was after the memorandum was written and before the effective date of the 1993 acts, the Board of Correction and Community Punishment approved a regulation on the express subject of "meritorious good time." In the material part, it provides:

G. Effective Date

1. Inmates whose offense date is prior to January 1, 1994, shall earn good time (including good time applied to the length of sentence) in accordance with the good time law in effect on the date of the offense.

2. Inmates whose offense date is on or after January 1, 1994, shall earn good time in accordance with Act 549 and Act 536 of 1993, Regular Session.

Arkansas Department of Correction and Community Punishment Regulation DOC 826, DCP 7.9 (approved Dec. 30, 1993, effective Jan. 1, 1994) (superseding Ark. 826, dated July 17, 1991).

By the unmistakable wording of the regulation, the Department does not intend to retroactively apply the 1993 acts to deprive appellant of meritorious good time. Appellant offered no proof to show that the Acting Director's memorandum has deprived him of meritorious good time. He presented no evidence to show that he has earned meritorious good time which has not been allowed. Under the clear language of the regulation, appellant still has the opportunity to earn meritorious good time in accord with the law in effect on the date of his offense. He does not contend that the Department has erroneously calculated his good time by failing to follow this regulation. There is simply no case or controversy involving the application of the 1993 acts to appellant. A holding by this court would have no practical legal effect on an existing case.

A case is moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Arkansas Intercollegiate Conf.* v. *Parnham*, 309 Ark. 170, 174, 828 S.W.2d 828, 831 (1992). As a general rule, this court does not address moot issues. *A.P. Leonards* v. *E.A. Martin Mach. Co.*, 321 Ark. 239, 900 S.W.2d 546 (1995); *Johnson* v. *State*, 319 Ark. 3, 888 S.W.2d 661 (1994). There are some exceptions to the general rule, such as cases which are capable of repetition yet evade review, *see*

*Nathaniel* v. *Forrest City Sch. Dist.*, 300 Ark. 513, 780 S.W.2d 539 (1989), and cases involving the consideration of public interest and prevention of future litigation, *see Duhon* v. *Gravett*, 302 Ark. 358, 790 S.W.2d 155 (1990), but these exceptions do not apply to the present case. Accordingly, we remand for dismissal.

Remanded.