Mary DILLON, Kathleen Inmon, and Dorothy Johnson *v.*
TWIN CITY BANK

95-713                                                924 S.W.2d 802

Supreme Court of Arkansas
Opinion delivered July 8, 1996

*Ogles Law Firm, P.A.*, by: *John Ogles* and *Hubert W. Alexander*, for appellants.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Susan Gordon Gunter* and *Graham F. Sloan*, for appellee.

ANDREE LAYTON ROAF, Justice. Appellants Kathleen Inmon and Mary Dillon are mother and daughter respectively. Dorothy Johnson is Inmon's aunt. Appellee Twin City Bank, a creditor of Inmon, sued Inmon, Dillon, and Johnson for the alleged fraudulent conveyance of certain property. Inmon and Dillon appeal from the chancellor's ruling that Inmon made fraudulent transfers with the actual intent to hinder, delay, or defraud Twin City Bank. The final decree entered by the chancellor purportedly transferred real property that was involved in the dispute, 7500 Toltec, from Johnson to Inmon. However, after the chancellor made her Findings of Fact

and Conclusions of Law, but prior to her entering the final decree, Johnson deeded the real property to Inmon. We hold that this appeal is moot and dismiss.

An in-depth discussion of the underlying facts of this case is not necessary, since the appeal is moot. In her Findings of Fact and Conclusions of Law, the chancellor determined that cash funds used to purchase two pieces of real property, 13 Woodbriar and 7500 Toltec, were paid by Inmon. The chancellor then determined that 13 Woodbriar was titled in Dillon's name when it was purchased in April 1991. She found that Inmon made deposits in an account in Dillon's name and signed checks with Dillon's name for the construction of 13 Woodbriar. The chancellor found that all cash deposits in Dillon's account and all cash payments for 13 Woodbriar were from funds from the sale of Inmon's father's property and Inmon's alimony. She determined that the purchase of the lot and the construction costs of 13 Woodbriar were fraudulent conveyances from Inmon to Dillon. The chancellor found that all proceeds from the sale of 13 Woodbriar were placed in an account in the name of Dillon. The chancellor found that Inmon purchased 7500 Toltec and had it titled in Dillon's name. She found that funds used to construct Toltec came from the account in Dillon's name that mainly contained the deposit from the sale of 13 Woodbriar. The chancellor concluded that Inmon was the true and equitable owner of 7500 Toltec. The chancellor found that Dillon transferred 7500 Toltec to Johnson and ruled that the deed of 7500 Toltec from Dillon to Johnson should be set aside as a fraudulent conveyance. In sum, the chancellor determined that Inmon fraudulently conveyed funds to Dillon by making deposits in Dillon's checking accounts and purchasing property in her name. She found that the funds were used to build 13 Woodbriar, and the money from the sale of Woodbriar was used in the construction of 7500 Toltec. The chancellor directed Twin City Bank to prepare a precedent regarding the title and ownership of 7500 Toltec and send it to appellants for approval prior to presenting it to the court for entry. Following the entry of the Findings of Fact and Conclusions of Law, Johnson transferred 7500 Toltec to Inmon by quitclaim deed. The deed was recorded on November 15, 1994.

The decree from which appellants appeal was entered on December 16, 1994. The decree states that neither Dillon nor Johnson hold a legal or equitable interest in 7500 Toltec. The

decree states that it operates to pass title of the property to Inmon. However, Johnson voluntarily conveyed 7500 Toltec to Inmon by quitclaim deed prior to the decree being entered.[1] Therefore, this case is moot.

> A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Arkansas Intercollegiate Conference* v. *Parnham*, 309 Ark. 170, 174, 828 S.W.2d 828, 831 (1992). As a general rule, this court does not address moot issues. *Leonards* v. *E.A. Martin Machinery Co.*, 321 Ark. 239, 900 S.W.2d 546 (1995); *Johnson* v. *State*, 319 Ark. 3, 888 S.W.2d 661 (1994). There are some exceptions to the rule that this court does not address moot issues, such as cases which are capable of repetition yet evade review, *see Nathaniel* v. *Forrest City School Dist.*, 300 Ark. 513, 780 S.W.2d 539 (1989), and cases involving the consideration of public interest and prevention of future litigation, *see Duhon* v. *Gravett*, 302 Ark. 358, 790 S.W.2d 155 (1990), but these exceptions do not apply to the present case.

*Thomas* v. *Arkansas Board of Correction*, 324 Ark. 6, 918 S.W.2d 156 (1996). In the present case, the ultimate outcome of the proceedings below, as decreed by the chancellor, was that 7500 Toltec was to be transferred to Inmon. At the time the decree was entered, Johnson already had deeded 7500 Toltec to Inmon. Therefore, any judgment rendered would have no practical legal effect upon any existing controversy. Johnson's voluntary transfer of 7500 Toltec to Inmon and Inmon's acceptance are inconsistent with a subsequent appeal directly related to the transfer of the property to Inmon. *See Shepherd* v. *State Auto Property & Casualty Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993).

■ Appellants did not respond in their reply brief to Twin City Bank's argument that the appeal is moot. However, appellants previously responded to Twin City Bank's motion to dismiss the appeal based on mootness. In so doing, appellant Dillon asserted that the case was not moot as to her, because she was not involved

---

[1] From Inmon's counsel's statement at a hearing prior to the entry of the decree, it appears that Johnson deeded the property to Inmon because the parties were concerned about Johnson's age and health.

in the transfer of 7500 Toltec from Johnson to Inmon. Nevertheless, the property was transferred to Inmon, which was what the chancery court decreed, and any decision by this court would have no legal effect on any existing controversy. Any separate action that Dillon might have against Johnson and Inmon based upon Johnson's transferring the property back to Inmon is not presently before this court and is not cause for this court to reach the merits of this appeal. *See Pennington v. Pennington*, 315 Ark. 479, 868 S.W.2d 460 (1994).

Appeal dismissed.

DUDLEY and CORBIN, JJ., not participating.