## Terry RICHARDSON *v.* ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 03-666                                          165 S.W.3d 127

Court of Appeals of Arkansas
Division IV
Opinion delivered May 5, 2004

*Tonya M. Alexander*, for appellant.

*Gray Allen Turner*, for appellee.

JOSEPHINE LINKER HART, Judge. Terry Richardson's appeal from an order of the Jefferson County Circuit Court adjudicating her daughter A.C. dependent neglected is once more before us after our unpublished order of November 19, 2003, instructed the parties to file supplemental briefs addressing whether or not this case was moot. We ordered briefing of this issue because, subsequent to the filing of her notice of appeal of the adjudication order, a review and closure order was entered, returning A.C. to Richardson's custody. On the mootness issue, Richardson argues that her appeal is not moot, because the relief she requested, to be relieved of the finding of parental unfitness, was not remedied by the review and closure order that returned A.C. to her custody. In the alternative, she asserts that if we were to find that the case was moot, it should nonetheless be addressed because it is an issue of public importance that is likely to recur. The appellee, the Arkansas Department of Human Services, hereinafter "DHS," contends that the case is moot, but asks that it be decided on the merits because 1) an appellate review serves the public interest; and 2) dependency-neglect adjudications are the "species" of cases that are frequently moot before an appellate decision can be reached. DHS also "acknowledges" that an adjudication based on a finding of parental unfitness "carries with it some type of stigma." For the reasons outlined below, we hold that this case is moot, and we dismiss this appeal.

■ ■ We first address Richardson's argument that this case is not moot because the relief she seeks is the erasure of the judicial finding of parental unfitness. While we might agree, as does DHS, that such a finding might be "stigmatizing," we believe that this argument reflects a fundamental misunderstanding of the purpose of our appellate jurisdiction. It is not enough that Richardson disagrees with a finding of the trial court; for us to review it, there must exist a justiciable controversy that our decision will settle. *See Mastin v. Mastin*, 316 Ark. 327, 329, 871 S.W.2d 585, 586 (1994). To put it another way, a case is moot when any decision rendered by this court will have no practical *legal* effect on an existing legal controversy. *K.S. v. State*, 343 Ark. 59, 31 S.W.3d 849 (2000). (Emphasis added.) Here, Richardson has already regained custody of A.C., so a decision on the merits, either affirming or reversing the trial court, will have absolutely no legal effect on the issue of A.C.'s custody.

■■ We are aware that there are exceptions to the rule that the appellate courts of Arkansas do not decide cases that are moot, render advisory opinions, or answer academic questions. *Campbell v. State*, 300 Ark. 570, 781 S.W.2d 14 (1989). The most notable exceptions are cases that involve the public interest or tend to become moot before litigation can run its course, or situations where a decision might avert future litigation. *Id.* However, given the fact that this case turns not on a principle of law, but rather on the adequacy of the evidence to support a trial judge's findings of fact, we hold that the instant case does not embrace an issue of public interest. Furthermore, we do not believe that adjudications of dependent neglect are necessarily of such short duration that they will evade appellate review. Finally, we do not believe that our decision today could help avert future litigation in this case. If DHS indeed does again become involved in A.C.'s life, which we certainly cannot foresee, it will be because of facts and circumstances that are not presently before us.

We are not unsympathetic to the terrible tragedy that has befallen Ms. Richardson and A.C. Nor are we unmindful that a finding of parental unfitness is an especially stinging blow to a person who already has suffered so much. However, decisions of an appellate court can do nothing to assuage the personal pain of all those involved, nor serve as an imprimatur of Ms. Richardson's parenting abilities.

Dismissed as moot.

VAUGHT and BAKER, JJ., agree.