Ricky MASTERS *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 05-915                                        237 S.W.3d 125

Court of Appeals of Arkansas
Opinion delivered June 14, 2006

*Glen Hoggard*, for appellant.

*Gray Allen Turner*, Office of Chief Counsel, Ark. Dep't of Human Servs., for appellee.

ANDREE LAYTON ROAF, Judge. Ricky Masters appeals the trial court's order adjudicating his son D.M. as dependent-neglected. On appeal, he argues (1) that the trial court erred in denying his motion to dismiss the case because of an untimely probable cause hearing and (2) that the trial court's finding that he posed a danger to D.M. was not supported by sufficient evidence. The appellee, Arkansas Department of Human Services (DHS), has supplemented the record in this case with a subsequent order termi-nating Ricky's parental rights to D.M. on grounds that were not the

basis of either the probable cause determination or adjudication order. Because Ricky has not appealed from the termination order, we dismiss this appeal as moot.

Because we are dismissing the appeal, a detailed recitation of the facts is not necessary. DHS initiated a dependency-neglect case in February 2005 regarding B.E. and D.M., Jennifer and Ricky Masters' two children, after Ricky was accused of sexually abusing B.E., Jennifer's daughter by a previous marriage. D.M. is the Masters' son. A probable cause hearing was held on March 1, 2005. Ricky moved for a dismissal because the probable cause hearing was held one day outside the required five business days after the emergency order was signed. The trial court denied the motion to dismiss. At the conclusion of the hearing, the trial court found probable cause for DHS to take custody of both children. On March 8, there was a hearing on DHS's motion to stop Ricky's visitation with D.M. because he had confessed to molesting B.E. The trial court noted that it was dealing with a "confessed sexual offender" and that it wanted to protect D.M. until it could confirm that he could be safe. The trial court allowed supervised visitation at DHS.

At the dependency-neglect hearing on April 24, 2005, Ricky renewed his motion to dismiss on the basis that the probable cause hearing was not held within the statutorily-mandated time frame. The trial court again denied the motion. At the conclusion of the hearing, the trial court ordered that placement of D.M. and B.E. continue with the maternal grandparents and adjudicated both children dependent-neglected.

Ricky appeals only from the April 28, 2005 adjudication order. However, after the case was filed with this court, DHS moved to supplement the record and to dismiss the appeal as moot. This court granted the motion to supplement the record with an order terminating Ricky's parental rights to D.M. that was filed on September 8, 2005. In this regard, DHS asserts that a decision in the present case would not change the legal standing of the parties because the termination of Ricky's parental rights was not based on D.M. previously being found dependent-neglected at the adjudication hearing. We agree.

A case is moot when any decision rendered by this court will have no practical legal effect on an existing legal controversy. *Richardson v. Ark. Dep't of Human Servs.*, 86 Ark. App. 142, 165 S.W.3d 127 (2004). Here, the trial court issued an order terminat-

ing Ricky's parental rights to D.M. based on the finding that Ricky had been sentenced in a criminal proceeding to a term of imprisonment that constituted a substantial period of D.M.'s life. Ricky did not appeal from this order; therefore, any decision that this court makes in the instant appeal regarding the timeliness of the probable cause hearing would have no legal effect on an existing controversy.

Ricky argues that the issue is not moot because the juvenile code's structure and sequence requires a dependent-neglected adjudication as a prerequisite for the termination of parental rights and that the juvenile code expressly sets a dependent-neglected adjudication as a necessary condition for the termination grounds pled by DHS in this case.[1] Ricky, however, has not appealed the termination order. A reversal of the adjudication order based on the fact that the probable cause hearing was held one day late would not change the findings of fact in this case regarding the termination decision. Moreover, it is not the adjudication order that Ricky takes issue with, it is the probable cause hearing, and probable cause orders are not appealable. Ricky's appeal, therefore, is moot.

Appeal dismissed.

GLOVER and NEAL, JJ., agree.

---

[1] Arkansas Code Annotated section 9-27-341(b)(3)(B)(viii) was amended in 2005 so that the adjudication requirement was removed from this ground for termination, which is that the parent is sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's life. There is no longer a requirement that other conditions in either (b)(3)(B)(i) or (ii) be met along with this condition. The 2005 amendment took effect on August 12, 2005, before the termination order was entered in this case on September 8, 2005. Therefore, the 2005 version of this statute governs this case and Ricky's assertion that a dependent-neglected adjudication is required by § 9-27-341(b)(3)(B)(viii) is wrong. *See Moore v. Ark. Dep't of Human Servs.*, 333 Ark. 288, 969 S.W.2d 186 (1998) (holding that the statute in effect at the time the termination order is entered is controlling).