Andrew Carl GLADDEN, Executor of the Estate of
Andrew Carl Gladden, Jr. *v.* Owen Glen BUCY III;
Rebsamen Insurance Company, A Division of Rebsamen,
Inc.

89-11                                         772 S.W.2d 612

Supreme Court of Arkansas
Opinion delivered July 17, 1989

*Wright, Chaney & Berry, P.A.*, for appellant.

*Friday, Eldredge & Clark,* by: *Donald H. Bacon,* for appellee.

JOHN I. PURTLE, Justice. At the beginning of the second trial of this suit, the court sua sponte declared that the appellant was not the proper party to bring the action and therefore dismissed the complaint. For his appeal, the executor of the estate argues that the court erroneously refused to allow the guardian of the estate or the decedent's three minor children to be added as plaintiffs. We hold that the court erred in dismissing the suit for lack of standing.

The executor of the decedent's estate filed an action against an insurance agent and an insurance company, alleging that the agent was negligent in failing to explain to the decedent the effects of switching insurance companies. In 1981, the appellant asserts, the agent caused the decedent to change from a $100,000 policy with one company to a $250,000 policy with another company. The decedent's three children were the named beneficiaries in the life insurance policy. Before the second policy had been in force for two years, the policyholder committed suicide. Had the first policy continued in force, the two-year limitation on suicide would not have been a bar to recovery. The appellees, the second insurance company and the agent, denied liability on the ground that the policy had not been in force for two years at the time of the decedent's suicide.

The case was originally tried in July, 1987. On the second day of a two-day trial, the appellees raised the issue of standing to sue on the part of the executor. However, the court overruled the motion and allowed the case to go to the jury, which was unable to reach a verdict. The court declared a mistrial. At the beginning of the second trial, on March 7, 1988, the court decided that the executor was not the proper party to bring the suit. The appellant then offered to amend to include the guardian of the children and/or the children themselves as parties plaintiff. The court rejected this motion and dismissed the complaint with prejudice.

The only issue in this appeal is whether the trial court erred in dismissing the appellant's action on the ground that the appellant was not the proper party to bring suit. Arkansas Rules

of Civil Procedure, Rule 17(a), provides in part:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, [or] guardian (conservator) . . . may sue in his own name without joining with him the party for whose benefit the action is being brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The words of Rule 17(a) standing alone would compel this court to remand the case to the trial court. Moreover, even if the executor were not the proper party, the appellees did not make a motion to dismiss or name the real parties in interest while the case was waiting for the second trial. The court, therefore, erred in refusing to allow the amendment.

██ The real party in interest is generally considered to be the person or corporation who can discharge the claim upon which the allegation is based and is not necessarily the person ultimately entitled to the benefit of any recovery. *House* v. *Long*, 244 Ark. 718, 426 S.W.2d 814 (1968). Although Rule 17 requires an action to be brought in the name of the real party in interest, it also provides for the joinder of the proper party if the issue of standing is timely raised. See *Childs* v. *Philpot*, 253 Ark. 589, 487 S.W.2d 637 (1972); and *Hall* v. *Robins*, 212 Ark. 803, 207 S.W.2d 746 (1948).

█ The decedent's three children were his only immediate heirs. They are the persons who are entitled to inherit his estate. They are, consequently, the real parties in interest in this proceeding. In the case of *Stokes* v. *Stokes*, 271 Ark. 300, 613 S.W.2d 372 (1981), we considered the standing of two adult children of a decedent contesting the probate of their decedent's will, which had left the property to others. We held that, since the children would suffer a financial loss if the will were upheld, the court erred in dismissing the action they had instituted. In *Hess* v. *Wims*, 272 Ark. 43, 613 S.W.2d 85 (1981), we held that those

persons who suffer financially were the proper parties to an action.

■ Even if the requests to amend the complaint had not been made, the children would be the eventual recipients of any sums recovered by the executor of the decedent's estate. Furthermore, the appellees did not raise the standing issue until the first trial was nearly over. Although the court overruled their first motion, it was not renewed by them before the second trial. Instead, the court raised the issue sua sponte. Since the rule is made for the protection of the defendant, it may be waived by him either by his action or inaction. See *Monaghan* v. *Davis*, 16 Ark. App. 258, 700 S.W.2d 375 (1985). Had the complaint been filed initially in the names of the children or their guardian, the defense would have been exactly the same. There was, therefore, no prejudice to the appellees by the appellant not naming the children or their guardian in the initial complaint.

■ The parties invite us to give an advisory opinion concerning the case on remand. It is not the function of this court to give such opinions. We do not know what the evidence will be at the second trial. There may be technical evidence or expert testimony which is not in the briefs or record before us.

Reversed and remanded.