George MARKHAM *v.* STATE of Arkansas

90-95                                                  798 S.W.2d 58

Supreme Court of Arkansas
Opinion delivered October 29, 1990

*George Markham*, for appellant.

*Steve Clark*, Att'y Gen., by: *Sandra Bailey Moll*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, George Markham, is an employee of the University of Arkansas Medical Sciences (UAMS) and received two parking tickets for overtime meter parking on the campus. The tickets were issued on January 27, 1989, and February 25, 1989, by UAMS campus police.

Markham initially appealed to the Traffic Appeal Committee at UAMS, which appeal was denied as untimely. He then appealed to the Municipal Court of Little Rock, Traffic Division, and was found guilty of the two parking violations. Markham subsequently appealed to the Circuit Court of Pulaski County, which appeal was dismissed and remanded to the municipal court for imposition of sentence. It is from this decision that Markham now appeals *pro se* and alleges six points of error: 1) that the trial court erred in refusing to dismiss the charges based on the process issued to him by officers of the UAMS Department of Public Safety (DPS), 2) that UAMS lacked authority to charge him under Ark. Code Ann. § 25-17-307(6)(e)(1) (1987), 3) that he is not estopped from objecting to the charges contained in the citations on the basis of improper venue or lack of jurisdiction, 4) that the system of de novo review violates the double jeopardy clause, 5) that it was error to uphold administrative determinations of UAMS where the procedures consisted of an ex parte consideration of a written form, and 6) that it was error to deny his request for a writ of prohibition on the basis that UAMS did not have jurisdiction.

In *McDonald* v. *Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989), we reiterated that the burden of obtaining a ruling is on the movant and objections and questions left unresolved are waived and may not be relied upon on appeal.

In this case, the transcript contains a document entitled "Register of Actions" from the Office of the Circuit Clerk of Pulaski County that shows two pertinent notations: "10/27/89 Defendant in person and represents himself. Stipulation on facts of case - judgment. . . . 12/8/89 Defendant in person, represents himself; stipulation read - appeal dismissed and remanded for execution of judgment of lower court." Thus, on two separate occasions, Markham appeared in court with the opportunity to specifically ask the trial court for a ruling on his arguments presented for appeal and failed to do so.

Furthermore, in his notice of appeal and designation of the record, Markham also stated that "[t]he record in this case will consist only of documents filed of record in the above styled case by State and Defendant, as all facts were stipulated, and judgment was rendered on the basis of the pleadings alone. Appellant will therefore have no reason to order a transcript of the proceedings."

However, and as a direct result of Markham's failure to provide a complete transcript, *see* Ark. R. App. P. 3(e) and 3(g), we have no way of determining from the record that the trial court did in fact make a ruling on any of Markham's points of error, nor, assuming any were made, the nature or extent of the rulings.

Additionally, in *Trout* v. *Mathis*, 289 Ark. 24, 708 S.W.2d 629 (1986), where none of the orders forming the basis of the appeal were abstracted, and there was no means of evaluating the actions of the courts in the context of the appellant's contentions, we affirmed because of the flagrantly deficient abstract, pursuant to Ark. Sup. Ct. R. 9(e)(2), and noted that the abstracting requirement is the same for parties who appeal *pro se* as it is for those who are represented by attorneys.

Consequently, as there is no ruling before this court which serves as the basis for the points argued, there is nothing before us on which to rule.

Affirmed.