STATE of Missouri, Respondent,

v.

**Leotis BELCHER, Appellant.**

**Leotis BELCHER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 59664, 62296.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 29, 1993.

Brad B. Baker, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Leotis Belcher, appeals from his judgment of conviction, after a jury trial, of abuse of a child. He was sentenced to imprisonment for three years. Defendant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdict, discloses that defendant decided to punish his eight-year-old stepson, J.I., for altering a grade on his report card. Defendant took J.I. into a bathroom, tied his ankles together and his hands behind his back. Defendant then placed J.I. into a bathtub filled with cold water. Defendant forced J.I.'s head under water several times. J.I. later collapsed and was treated at a hospital for hypothermia. The medical records indicated that J.I. had a swollen, ulcerated right earlobe, and bruises on his left palm and fingers, the back of both shoulders, and his upper abdomen.

On appeal, defendant first contends the trial court abused its discretion when it refused to permit Dr. Armand Brodeur, a medical doctor, to testify as an expert witness on behalf of defendant.

Approximately thirty days before trial, defendant endorsed a Dr. Anthony Griffen of Chicago, Illinois, ostensibly as an expert witness. Dr. Griffen apparently was unavailable at trial. Defendant then filed a motion, on the day of trial, requesting the endorsement of Dr. Armand Brodeur as a defense witness. In that motion, defendant stated that Dr. Brodeur would testify, based upon his interpretation of the medical records in the case, that the child abuse in question did not occur. The sparse record simply indicates that the objection of the State was sustained.

At the close of the State's case, defendant orally renewed his motion and made an "offer of proof." Defendant stated that Dr. Brodeur was a substitute for the previously endorsed witness, Dr. Anthony Griffen, and that he would testify that J.I.'s injuries could have been caused by a blow to the head; and further that it would be "beyond a reasonable doubt (sic) for any medical doctor to come to the conclusion that this was the direct result of either being punched in the stomach by Mr. Belcher or being tied with his hands bound and being dunked under water repeatedly...." Dr. Brodeur was not present and did not testify during the offer of proof.

We assume, although it is not in the record, that the reason for the trial court's ruling was a finding that defendant violated Supreme Court rules governing discovery in a criminal prosecution. Rule 25.05 requires, *inter alia*, that a defendant shall disclose to the State, upon written request, the name of an expert witness and any statements or reports made by the witness in connection with the particular case.

It is clear defendant did not comply with the rules, because of his untimely endorsement of Dr. Brodeur as an expert witness. *See* Rules 25.02 and 25.08. Rule 25.16 gives a trial court broad discretion to impose sanctions for discovery rule violations. A trial court may "order such party to make disclosure of material and information not previously disclosed, grant a continuance, exclude such evidence or enter such other orders as it deems just under the circumstances." Rule 25.16; *see State v. Mansfield*, 637 S.W.2d 699, 703 (Mo. banc 1982).

We first consider whether the trial court abused its discretion when it imposed the severe sanction of refusing to permit defendant to call his expert as a witness.

■ A defendant in a criminal trial has the fundamental right to present witnesses in his own defense. *State v. Bashe,* 657 S.W.2d 321, 324 (Mo.App.1983). Disallowing otherwise admissible testimony of a defense witness is an extreme remedy that should be used with great caution. *Bashe,* 657 S.W.2d at 325. Improper exclusion of the testimony of a witness may violate due process. *Burton v. State,* 641 S.W.2d 95, 100 (Mo. banc 1982).

■ There is nothing in this record to indicate how permitting defendant to call Dr. Brodeur as a witness would have prejudiced the State. The State was aware that Dr. Griffen had been endorsed as an expert witness for the defense, yet the State had done nothing to secure his report or his deposition. Having done no further discovery regarding the possible testimony of the defense expert, it is unlikely that the State would have been surprised or prejudiced by the testimony of a substitute expert. In addition, this was a four-day trial. The State could have interviewed or deposed Dr. Brodeur either immediately before or during trial. If that level of discovery was inadequate, the State could have then asked the trial court to exclude the doctor's testimony. Because the State made no showing of how it would be prejudiced by the testimony of Dr. Brodeur, the sanction imposed would appear to be unduly harsh.

We next consider whether the ruling of the trial court resulted in prejudice to the defendant. It is clear that prejudice resulting from the sanction of excluding testimony is to be tested by whether it results in fundamental unfairness to the defendant. *Bashe,* 657 S.W.2d at 325.

■ We first look to defendant's offer of proof at trial. To preserve error when testimony is ruled as inadmissible, an offer of proof must be made. *Murphy v. Grisham,* 625 S.W.2d 215, 217 (Mo.App.1981). An offer of proof must demonstrate the relevance of the testimony, must be specif-

ic, and must be definite. *See State v. Dagley,* 793 S.W.2d 420, 423 (Mo.App.1990). The better procedure is to put the witness on the stand, out of the presence of the jury, and proceed by question and answer. This enables the trial court to intelligently rule on the admissibility of the testimony and provides a proper record for appellate review. *State v. Hurtt,* 836 S.W.2d 56, 59 (Mo.App.S.D.1992). A summary by counsel of proposed testimony may be considered adequate when it is clear that both the court and counsel knew exactly what the proposed testimony would be. *Stapleton v. Griewe,* 602 S.W.2d 810, 813 (Mo.App. 1980).

Here, defendant did not put Dr. Brodeur on the stand. The so-called offer of proof was conclusionary in nature and did not set forth details of how and why Dr. Brodeur would reach his medical conclusion. In addition, Dr. Brodeur was never deposed; there is no evidence in the record of any medical report or narration indicating what his proposed testimony would be; there is nothing in the record to indicate that he was present and available to testify or was under subpoena by defendant; and there is no indication that defendant ever talked to Dr. Brodeur. Significantly, although defendant had a second chance to make his record regarding Dr. Brodeur's testimony at the related 29.15 hearing, defendant still failed to produce him.

Because there is not adequate information in the record regarding Dr. Brodeur's proposed testimony or an indication of his availability at trial, any prejudice resulting to defendant by the trial court's sanction is illusionary rather than real. Consequently, we find no reversible error. Defendant's first point is denied.

Next, defendant claims the trial court erred when it denied defendant's motion to produce and admit into evidence portions of a juvenile court transcript concerning J.I.

On September 10, 1990, the defendant filed a "Motion to Produce and Admit the Transcript from Juvenile Court." He requested the transcript from the proceeding *In the Interest of J.I.,* alleging it contained statements by J.I., the defendant's wife,

and experts which the defendant desired to use in his case in chief or to impeach prosecution witnesses.

The United States Supreme Court considered this issue in *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). Realizing that full disclosure of confidential juvenile records would unnecessarily sacrifice the State's compelling interest in protecting its child abuse information, the Court held that a defendant's interest would be served by an *in camera* review of the records by the trial court. *Id.* at 60–61, 107 S.Ct. at 1002–03.

The Missouri statute that governs the confidentiality of juvenile court proceedings, § 210.150, RSMo, (1986), is similar to the Pennsylvania statute at issue in *Ritchie*, in that both statutes provide for certain exceptions. Section 210.150(4), provides that information shall be made available to: "[a] grand jury, juvenile officer, juvenile court or other court conducting abuse or neglect or child protective proceedings...."

In this case, defendant claimed he needed the juvenile court transcripts so that he could use statements made by J.I. and Dr. Beeks at those proceedings to impeach them at defendant's trial. Defendant alleged that J.I.'s previous testimony was that he did not and could not remember any details of the events. Defendant alleged that Dr. Beeks' previous testimony was that J.I. was not physically abused.

■ Defendant cross-examined J.I. at length during trial. During this cross-examination, defendant elicited the desired information from J.I. Since defendant was able to obtain this information directly from J.I., J.I.'s previous statements are not material.

Dr. Beeks testified that in his opinion, J.I.'s injuries could not be self-inflicted, nor were they consistent with a non-assisted fall. While Dr. Beeks did not directly state that he thought the victim's condition was a result of child abuse, the jury could reasonably make that inference from his testimony. Thus, the alleged statements in the juvenile court proceeding could be material.

■ When defendant again requested that the juvenile court records be admitted during trial, the trial court informed defendant that, despite Missouri's confidentiality statute, it would permit defendant to introduce any statement by Dr. Beeks that would impeach his testimony at trial. There is nothing in the record to indicate that defendant did anything further to obtain the transcript. Defendant cannot complain of a result brought on by his own inaction. Because we find no prejudice, defendant's second point is denied.

■ Defendant next claims that the trial court abused its discretion when it refused to allow him to demonstrate how J.I. used certain exercise equipment. He contends that the demonstration would have shown the jury that the marks on the body of J.I. were the result of physical exercises, not physical abuse.

"The trial court is vested with broad discretion in ruling on questions of relevancy and, absent a clear showing of abuse of that discretion, the appellate court should not interfere with the trial court's ruling." *State v. Brown*, 718 S.W.2d 493, 493–494 (Mo. banc 1986).

At trial, while the trial court did not allow the defendant to step down from the witness stand and do the actual exercises before the jury, it did allow him to testify extensively about how J.I. used certain home-made exercise equipment. Thus, defendant was not prejudiced when the court limited his demonstration. Defendant's third point is denied.

■ Turning to defendant's Rule 29.15 appeal, defendant alleges the motion court erred in denying his claim of ineffective assistance of counsel based upon trial counsel's failure to timely endorse Dr. Armand Brodeur as an expert witness. To prevail on such a claim, defendant must demonstrate what the substance of the witness' purported testimony would have been and how it would have aided his defense. *Sanders v. State*, 738 S.W.2d 856, 861 (Mo. banc 1987).

At the evidentiary hearing, defendant did not call Dr. Brodeur as a witness to demon-

**118**

strate what Dr. Brodeur's testimony would have been during the trial. The only testimony adduced at the hearing was that of defendant. Defendant never talked to Dr. Brodeur and therefore, did not know what Dr. Brodeur's testimony would have been. Because defendant did not prove his asserted grounds for relief, the motion court did not err in denying defendant's Rule 29.15 motion. Defendant's fourth point is denied.

Finally, defendant claims the trial court erred in giving an instruction to the jury patterned after MAI–CR3d 302.04, defining "reasonable doubt." That instruction has repeatedly been upheld as proper. *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Antwine*, 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Defendant's fifth point is denied.

*Defendant's judgment of conviction is affirmed. The denial of defendant's Rule 29.15 motion is also affirmed.*

SIMON and GRIMM, JJ., concur.

Before GARY M. GAERTNER, P.J., and SMITH and STEPHAN, JJ.