Harold D. QUALLS *v.* Daniel FERRITOR, Chancellor, and University of Arkansas, Fayetteville

97-223                                    947 S.W.2d 10

Supreme Court of Arkansas
Opinion delivered June 30, 1997

*Appellant,* pro se.

*T. Scott Varady,* Associate Gen. Counsel and *Jeffrey A. Bell,* Associate Gen. Counsel, for appellees.

TOM GLAZE, Justice. Appellant Harold D. Qualls filed suit, pro se, in Washington County Circuit Court, naming as defendants the State of Arkansas, the University of Arkansas at Fayetteville, and the University's Chancellor, Daniel Ferritor.[1] Qualls alleged that, in 1986, he was expelled from the University, but that, under an agreement dated March 23, 1987, the University agreed to readmit him, allow him to attend graduate school, and permit him to obtain a doctorate degree in education if he would surrender his Arkansas teacher certificate. Qualls further alleged he was readmitted and subsequently obtained his bachelor of special education and master of education degrees, but after completing ten hours towards his doctorate degree, was advised by the University that he did not qualify for a doctorate degree because

---

[1] On motion of Qualls, the trial court later dismissed the State from the lawsuit.

he had no teacher certificate. Qualls asserted the defendants' action caused him compensable damages in the total amount of $1,000,000, and punitive damages of $9,000,000.

The appellees responded to Qualls's complaint by moving to dismiss on the grounds that Qualls had failed to state a claim upon which relief could be granted, and that such suit against the University and Chancellor Ferritor was barred under the sovereign immunity clause (Ark. Const. art. V, § 20) and the statutory immunity provision set out in Ark. Code Ann. § 19-10-305(a) (Repl. 1994). The trial court granted appellees' motion, and Qualls brings this appeal, arguing the trial court erred in dismissing his suit.

We are unable to address Qualls's argument because his abstract is flagrantly deficient. *See* Ark. Sup. Ct. R. 4-2(b). This court's rules require abstracting of such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the court for decision. Ark. Sup. Ct. R. 4-2(a)(6).

Qualls's entire argument on appeal is premised on a document dated March 23, 1987, which he labels a "trade agreement, or waiver." However, that agreement appears nowhere in the abstract, and apparently was not presented to the trial court. Also, no testimony is abstracted concerning the March 23 document, even though Qualls mentions the document repeatedly in his statement of the case and argument in his brief. Qualls's briefing problem is exacerbated by his listing and placement of a number of letters, certificates, and other papers in his brief, which are not in the transcript and were never considered by the trial court. As a consequence, we cannot consider them on appeal. *See Rochelle v. Piles*, 244 Ark. 606, 427 S.W.2d 10 (1968).

Finally, we note that Qualls, as appellant, has the burden to demonstrate any reversible error and present a record evidencing such error. *See Rad-Razorback Ltd. Partnership v. B.G. Coney Co.*, 289 Ark. 550, 713 S.W.2d 462 (1986). In addition, we are guided by the settled rule that when the appellant does not cite authority or make a convincing argument, and where it is not apparent without further research that the point is well taken, we

will affirm. *Firstbank of Ark. v. Keeling*, 312 Ark. 441, 850 S.W.2d 310 (1993). Here, Qualls cites *no* legal authority to support his argument, and while he offers five pages of argument, the argument is unclear, most likely because a proper record is not presented to help us understand his contentions. This court holds pro se litigants to the same requirement as attorneys. *Jewell v. Ark. Bd. of Dental Examiners*, 324 Ark. 463, 921 S.W.2d 950 (1996).

In sum, we affirm the trial court's ruling because of Qualls's deficient abstract and his failure to demonstrate reversible error.

NEWBERN, J., not participating.