Harold Dean QUALLS *v.* Dr. John WHITE,
Chancellor, University of Arkansas; Board of
Trustees, University of Arkansas; Office of
Certification, Department of Education;
Attorney General; State of Arkansas

00-478                                      30 S.W.3d 735

Supreme Court of Arkansas
Opinion delivered November 16, 2000

*Appellant,* pro se.

*T. Scott Varady, Jeffrey A. Bell,* and *Rhonda M. Thornton,* for appellees Dr. John White, Board of Trustees of the University of Arkansas, and Dr. Joyce Wroten.

*Mark Pryor,* Att'y Gen., by: *Dennis R. Hansen,* Ass't Att'y Gen., for appellees Department of Education and State of Arkansas, Mike Huckabee, Governor.

ANNABELLE CLINTON IMBER, Justice. Appellant, Harold D. Qualls, filed suit, pro se, in the Washington County Circuit Court, naming as defendants the State of Arkansas, the University of Arkansas, Governor Mike Huckabee, Chancellor John White, Vice President Joyce Wroten, the Arkansas Department of Education, and the University Office of Central Administration. According to his abstract, Mr. Qualls alleged in his complaint that the University of Arkansas and the State of Arkansas have discriminated against him to the extent that, even with a valid teaching degree, he is unable to obtain employment.

Separate defendants, Board of Trustees of the University of Arkansas, Chancellor John White, and Vice President Joyce Wroten, filed a motion to dismiss the claims against them on October 18, 1999. Separate defendants, State of Arkansas, Governor Mike Huckabee, and the Office of Professional Licensure of the Arkansas Department of Education, also filed a motion to dismiss on October 20, 1999. The trial court granted both motions to dismiss in an order entered December 17, 1999, finding that Mr. Qualls' claims were barred by: (1) the defendants' sovereign and statutory immunity; (2) failure to state a claim upon which relief can be granted; (3) res judicata; (4) the statute of limitations; (5) the prohibition of Ark. R. Civ. P. 12(b)(8) against duplicative and piecemeal litigation; and (6) all of the reasons stated in the orders of dismissal in the first two suits filed by Mr. Qualls against the University and its Chancellor.

On appeal, Mr. Qualls argues that the trial court's order of dismissal was in error because this action is not barred by res judicata. Mr. Qualls further argues that the trial court violated his right to procedural due process by depriving him of a trial on the merits.

■ We are unable to address the merits of Mr. Qualls' arguments because his abstract is flagrantly deficient. *See* Ark. Sup. Ct. R. 4-2(b). An abstract must contain "such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions

presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(6). Failure to abstract the essential portions of the record will result in dismissal. *See Qualls v. Ferritor*, 329 Ark. 235, 947 S.W.2d 10 (1997) (*Qualls I*). Pro se appellants are held to the same abstracting standards as attorneys. *Miller v. State*, 338 Ark. 445, 994 S.W.2d 476 (1999) (citing *Markham v. State*, 303 Ark. 438, 798 S.W.2d 58 (1990)).

■ ■ Mr. Qualls appeals the finding that his claims were barred by res judicata and argues that the dismissal of his claims violated due process. The trial court explicitly premised its finding of res judicata on two prior complaints filed by Mr. Qualls in the same court against the University of Arkansas and its Chancellor in 1996 and 1998.[1] Although Mr. Qualls included a copy of the 1996 complaint in his abstract, he provided no abstract of the complaint filed in 1998, the abstract of the most recent complaint is nothing more than a one sentence summary of the allegations made, and the motions to dismiss which were ultimately granted are not abstracted. Nor do we find in the abstract any arguments before the trial court that Mr. Qualls was being deprived of due process of law. An argument that was never raised below will not be considered for the first time on appeal. *Western Foods, Inc. v. Weiss*, 338 Ark. 140, 992 S.W.2d 100 (1999). If the argument was raised below, it must be properly abstracted on appeal. Ark. Sup. Ct. R. 4-2(a)(6). The order of dismissal is affirmed.

---

[1] Mr. Qualls' two prior cases were also dismissed by the trial court on defense motions. Mr. Qualls appealed each order of dismissal and the trial court was affirmed in both instances because of the flagrantly deficient abstracts and unclear arguments on appeal. *Qualls v. Ferritor*, 329 Ark. 235, 947 S.W.2d 10 (1997) (*Qualls I*); *Qualls v. White*, CA 99-241 (Ark. App. October 6, 1999) (*Qualls II*).