SHERMAN WATERPROOFING, INC., and
William H. Sherman *v.* DARRAGH COMPANY

CA 02-660                                             98 S.W.3d 446

Court of Appeals of Arkansas
Division II
Opinion delivered February 26, 2003

*Paul Johnson*, for appellants.

*Hilburn, Calhoon, Harper, Pruniski, Calhoun, Ltd.*, for appellee.

JOHN F. STROUD, JR., Chief Judge. This case arises from the granting of summary judgment on a promissory note in favor of appellee, Darragh Company. Appellants, Sherman Waterproofing, Inc., and William H. Sherman, appeal, contending that material issues of fact remain and that the trial court therefore erred in granting the motion for summary judgment. The matter was before this court once before and was dismissed because it did not arise from a final appealable order, nor did it have a Rule 54(b) certification. *Sherman Waterproofing, Inc. & William H. Sherman v. Darragh Co.*, No. CA01-883 (February 20, 2002). On February 28, 2002, the trial court issued an order in the case that was an apparent attempt to cure the problems noted in our February 20, 2002 opinion in order to make the order final and appealable. We again find it necessary to dismiss the appeal, this time because appellant paid the underlying judgment, making the appeal moot.

■ ■ Under Arkansas law, a case becomes moot when any judgment rendered would have no practical legal effect on an existing legal controversy. *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997). An exception to the mootness doctrine allows review for appeals involving the public interest and the prevention of future litigation. *Id.*

The February 28, 2002 order, from which this appeal arises, provides:

> On April 6, 2001, this cause came on for hearing on the Motion for Summary Judgment filed by the Plaintiff, Darragh Company; Plaintiff appeared by its counsel, . . . and the Defendants, . . . appeared by their counsel, . . .; and upon a review of the file, the Motion, the Admissions of the Defendants, the Affidavit of Cindy Burns, the Response of the Defendants, and the arguments of counsel, and being well and sufficiently advised in the premises, the Court *finds that the Motion for Summary Judgment should be granted as it relates to the promissory note signed by the Defendants, and denied as it relates to the cash account in the name of the Defendants.*

> *Subsequent to said hearing, the Court has been informed that the Defendants have paid the judgment granted to the Plaintiff in full, and that the issue of the cash account has been resolved by the parties as well.*

(Emphasis added.) In *Hendrix v. Winter*, 70 Ark. App. 229, 231, 16 S.W.3d 272, 274 (2000), we explained:

> Turning to the merits of the matter, we have decided that the motion to dismiss this appeal must be granted. In *DeHaven v. T & D Dev., Inc.*, 50 Ark. App. 193, 901 S.W.2d 30 (1995), we held that if an appellant voluntarily pays a judgment, then the appeal from that judgment would be moot, but that if payment of the judgment is involuntary, an appeal would not be precluded. In Hendrix's response to Winter's motion in the case at bar, he does not contend that his payment of the judgment was involuntary. He alleges that the existence of the judgment on the record, constituting a lien on his land, created a financial hardship on his timber business due to his inability to obtain a bank loan. Consequently, he chose to pay the judgment debt in exchange for a satisfaction of it. In *DeHaven*, we quoted from *Lytle v. Citizens Bank of Batesville*, 4 Ark. App. 294, 630 S.W.2d 546 (1982):
>> [I]n the majority of jurisdictions, the effect of the payment of a judgment upon the right of appeal by the payer is determined by whether the payment was voluntary or involuntary. In other words, if the payment was voluntary, then the case is moot, but if the payment was involuntary, then the appeal is not precluded. The question which often arises under this rule is what constitutes an involuntary payment of a judgment. For instance, in some jurisdictions the courts have held that a payment is involuntary if it is made under threat of execution or garnishment. There are other jurisdictions, however, which adhere to the rule that a payment is involuntary only if it is made after the issuance of an execution or garnishment. Another variation of this majority rule is a requirement that if, as a matter of right, the payer could have posted a supersedeas bond, he must show that he was unable to post such a bond, or his payment of the judgment is deemed voluntary. . . .

Here, the issue of mootness has not been raised by the parties; rather, it is an issue that we raise on our own motion. The order from which this appeal arises could not be more clear that the judgment has been paid by the appellant. Moreover, neither

party offers us any further explanation in their briefs to this court concerning that payment. In light of that fact, and in accordance with the cases cited above, we have no choice but to conclude that appellants' payment of the judgment was voluntary, that this appeal has thereby been rendered moot, and that it does not involve the public interest or the prevention of future litigation so as to qualify as an exception to the mootness doctrine. We do not decide moot issues. *EnviroClean, Inc. v. Arkansas Pollution Control & Ecology Comm'n*, 314 Ark. 98, 856 S.W.2d 116 (1993).

Dismissed.

NEAL and VAUGHT, JJ., agree.