

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–16–351

| | |
|---|---|
| JACQUELINE WILLIAMS AND MARCIE JOHNSON<br>APPELLANTS | **Opinion Delivered** January 25, 2017 |
| V. | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-09-1027] |
| TINA BUTLER AND KENNETH BUTLER<br>APPELLEES | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPEAL DISMISSED |

## PHILLIP T. WHITEAKER, Judge

Jacqueline Williams and Marcie Johnson (hereinafter collectively "Williams") obtained a writ of garnishment against Tina and Kenneth Butler ("the Butlers"). The Butlers filed suit in the Jefferson County Circuit Court seeking satisfaction of the judgment. The circuit court entered an order vacating the writ of garnishment and directing Williams to repay the funds withheld pursuant to that writ to the Butlers. Williams appeals the order, arguing that the circuit court erred in vacating the writ of garnishment because it lost jurisdiction to do so more than ninety days following entry of the original judgment. For the reasons set forth below, we dismiss Williams's appeal.

Williams's current appeal is a subsequent appeal following this court's decision in *Butler v. Williams*, 2012 Ark. App. 5. *Butler* involved a claim of specific performance regarding a timeshare condominium in Branson, Missouri. Williams offered to sell the Butlers her interest

in the timeshare for $6,000. The Butlers gave Williams $3,000, but they subsequently decided not to buy the condominium. Williams refused to refund their $3,000, and the Butlers sued for the return of their money. Williams counterclaimed for specific performance of the contract, including payment of the additional $3,000 owed on the property by the Butlers. The circuit court found that the parties had contracted for the Butlers to purchase the timeshare and that Williams was entitled to specific performance of the contract. *Butler*, 2012 Ark. App. 5, at 1. This court affirmed. *Id*. at 3–4.

Following the issuance of this court's mandate, Williams caused a writ of garnishment to be issued in July 2013 against the Butlers' bank account at Relyance Bank, contending that the Butlers were indebted to her in the amount of $4,509.24.[1] Relyance Bank answered and stated that it held a total of $787 in two accounts belonging to the Butlers. In February 2014, Williams conveyed her interest in the condominium to Wyndham Vacation Resorts—the owner of the timeshare property—by execution of a special warranty deed. Despite having conveyed her interest in the condominium, Williams obtained and served a writ of garnishment on Tina Butler's employer, the State of Arkansas, in October 2015. The State agreed to withhold funds from Tina Butler's paycheck until the total amount of the judgment was paid or satisfied.

After Williams caused the writ of garnishment to be executed on the State, the Butlers filed an answer to the garnishment and a motion to satisfy judgment based on Williams's

---

[1] This amount represented the judgment of $3,000; $689.24 in interest; $800 in attorney's fees; and $20 in writ fees.

conveyance of her interest in the condominium. Following a hearing on the Butlers' motion, the circuit court ruled that the money that Williams held as a result of the garnishment was to be returned to the Butlers. Noting the impossibility of specific performance, the court stated that it did "not see how Ms. Williams can come to court and ask for money when she doesn't have anything to produce when the money is paid." The court subsequently entered a written order in which it found that the writ of garnishment was invalid and "all moneys collected as a result of the garnishment must be returned to Kenneth or Tina Butler or released from a garnishment hold." It is from this written order that this appeal ensues.

Following entry of the circuit court's order, but prior to the filing of the notice of appeal,[2] several events occurred that inform our conclusion to dismiss this appeal. On January 25, 2016, the circuit clerk of Jefferson County caused to be filed a document titled "Supersedeas," which reflected that Williams had "represente[ed] to the clerk of this court that the garnishment issued herein has been settled by the parties, and the plaintiff requests and agrees to the release and discharge of the garnishee." The garnishee named in that document was the State of Arkansas, Tina Butler's employer. Another supersedeas, dated January 26, 2016, likewise stated that Williams "requests and agrees to the release and discharge of the garnishee, State of Arkansas." On February 1, 2016, Williams's attorney sent a letter to the

---

[2] Williams filed her notice of appeal on February 16, 2016.

Butlers with a check for $2,597.92[3] "as refund in the above named matter, along with a copy of the Order superseding the garnishment at State of Arkansas."

We must dismiss this appeal. Arkansas caselaw is clear that the voluntary satisfaction of a judgment constitutes a waiver to an appeal of that judgment. *See Sherman Waterproofing, Inc. v. Darragh Co.*, 81 Ark. App. 74, 98 S.W.3d 446 (2003); *DeHaven v. T & D Dev., Inc.*, 50 Ark. App. 193, 901 S.W.2d 30 (1995); *Lytle v. Citizens Bank of Batesville*, 4 Ark. App. 294, 630 S.W.2d 546 (1982) (holding that if an appellant's payment is voluntary, then the case is moot, but if the payment is involuntary, an appeal is not precluded). The supreme court has held that voluntary payment of even part of a judgment can render an appeal moot. *See Hall v. Hall*, 2012 Ark. 429, at 2. More specifically, in *Shepherd v. State Auto Property & Casualty Insurance Co.*, 312 Ark. 502, 511, 850 S.W.2d 324, 328 (1993), the supreme court stated that it viewed "voluntary payment of a judgment amount assessed against a party as entirely inconsistent with a subsequent appeal directly related to that payment."

Here, the circuit court ordered Williams to return to the Butlers the funds held pursuant to the order of garnishment. She did exactly that, and she released and discharged the garnishee. On appeal, Williams argues that the court erred in vacating and setting aside the writs of garnishment and ordering her to repay the garnished funds to the Butlers; however, she has already done exactly what the court ordered. There is no indication in any of the documents relating to the release of the garnishees or the letter to the Butlers that she

---

[3] The parties had previously agreed that Williams's attorney was holding funds totaling $2,597.92 that had been submitted by the garnishees, the State of Arkansas and Relyance Bank.



was making that payment involuntarily. Because she voluntarily satisfied the judgment, we must dismiss her appeal in its entirety.

Appeal dismissed.

HARRISON and KLAPPENBACH, JJ., agree.

*Maxie G. Kizer, P.A.*, by: *Maxie G. Kizer*, for appellants.

*Hewitt Law Firm*, by: *Marceliers Hewett*, for appellees.